IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOLORES MATHIS,<br>DAWN MICHELE PHILLIPS,<br>PATRICIA ANN ZOLLARS,<br>KIMBERLY MARIA WEBB,<br>DAVID CHRISTOPHER MATHIS,<br>TIMOTHY COOPER MATHIS, and<br>JENNIFER NICOLE PARRISH,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>SECRETARY OF THE DEPARTMENT<br>OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-0062-CV-W-RED |

**ORDER**

Now before the Court are Plaintiffs' Motion for Summary Judgment (Doc. 14) and Defendant's Motion for Summary Judgment (Doc. 19). For the following reasons, Plaintiffs' Motion for Summary Judgment (Doc. 14) is due to be **DENIED** and Defendant's Motion for Summary Judgment (Doc. 19) is due to be **GRANTED**.

I. Factual Background

For purposes of the parties' motions for summary judgment, the following are uncontroverted, material facts.

David Gerald Mathis died on September 16, 2003, as a result of injuries he sustained on August 1, 2003, as he was leaving a local North Kansas City restaurant. Before his death, Mr. Mathis received medical treatment for his injuries from North Kansas City Hospital. Medicare

1

paid North Kansas City Hospital the amount of $77,403.67 for Mr. Mathis's medical care.

After his death, his wife Dolores and his children, Plaintiffs in the instant action, filed a state court action in Clay County, Missouri alleging claims under the Missouri Wrongful Death Statute. In that action, Plaintiffs asked for all forms of damages available to them under the statute. Plaintiffs reached a settlement agreement with the alleged tortfeasors in excess of the $77,403.67 that Medicare had paid on behalf of Mr. Mathis. The settlement was approved by the Clay County, Missouri Circuit Court.

Plaintiffs asked Medicare to acknowledge that it had no lien against the settlement proceeds, and Medicare refused. Plaintiffs arranged for payment from the settlement proceeds the amount of $77,403.67 into the registry of Clay County Circuit Court pending the resolution of this dispute.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fry v. Holmes Freight Lines, Inc.*, 72 F. Supp. 2d 1074, 1075 (W.D. Mo. 1999). When ruling on a motion for summary judgment, the court shall view the facts in a light most favorable to the nonmoving party and allow the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. *See id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Reed v. ULS Corp.*, 178 F.3d 988, 900 (8th Cir. 1999)).

Summary judgment is appropriate against a party who fails to make a showing sufficient

to establish that there is a genuine issue for trial about an essential element to that party's case on which that party will bear the burden of proof.  *See Cunningham v. Kansas City Star Co.*, 995 F. Supp. 1010, 1014 (W.D. Mo. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The evidence in favor of the nonmoving party must be more than merely "colorable." *Id.*  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (footnote omitted).

### III. Discussion

At issue is whether Medicare has a right to reimbursement from Plaintiffs' wrongful death settlement for payments Medicare made on behalf of Mr. Mathis.

The federal Medicare program was established to pay the medical expenses of the elderly, disabled, and those suffering from end-stage renal failure.  42 U.S.C. § 1935 *et seq.* (2000). Under the Medicare Secondary Payer provisions, Medicare does not cover the costs of health care services when "payment has been or can be expected to be made" under a liability insurance policy or plan.  42 U.S.C. § 1395y(b)(2)(A)(ii) (2000).  Medicare, however, may make a conditional payment for services incurred as a result of injuries caused by a third party, but Medicare must be reimbursed for these conditional payments if the responsible party later makes payment with respect to the services.  42 U.S.C. § 1395y(b)(2)(B); 42 C.F.R. § 411.24(g) (2007).

Here, Medicare made a conditional payment in the amount of $77,403.67 on behalf of David Gerald Mathis for medical expenses incurred as the result of injuries caused by a third

3

party. Mr. Mathis's wife and children subsequently filed a wrongful death suit against the alleged tortfeasors and settled for an amount exceeding the amount Medicare paid. As these tortfeasors were responsible for Mr. Mathis's injuries, the settlement constitutes a payment from a responsible party.

The Missouri Wrongful Death Statute provides that "the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned," including "such damages as the deceased may have suffered between the time of injury and the time of death." Mo. Rev. Stat. § 537.090 (2007). Missouri courts have held that "survivorship damages incurred by the decedent before death, such as medical expenses and pain and suffering, are recoverable as part of the wrongful death claim." *Powell v. Am. Motors Corp.*, 834 S.W.2d 184, 186 (Mo. 1992) (en banc). Since plaintiffs sought all forms of damages available to them under the Missouri Wrongful Death Statute, the payment they received as settlement of all claims related to the wrongful death necessarily includes payment for the medical expenses.

Plaintiffs argue that Medicare is not entitled to reach the settlement proceeds. Plaintiffs contend that Medicare is only able to seek reimbursement from Medicare beneficiaries, and as non-Medicare beneficiaries, Plaintiffs are not required to reimburse Medicare for medical expenses paid.

This argument overlooks the broad language of the Medicare as Secondary Payer statute and implementing regulations. The Medicare regulations make no distinction as to the recipient of the payment; the regulations simply provide that payment may be recovered from *any entity* that has received a primary payment. 42 C.F.R. § 411.24(g), (h). In addition, the statute

4

specifies that Medicare is to be subrogated to any right of *an individual or any other entity* to payment with respect to services. 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.26(a) ("With respect to services for which Medicare paid, [Medicare] is subrogated to any individual . . .or any other entity entitled to payment by a primary payer."). Thus, reimbursement may be had with respect to any payment made for the covered medical expenses regardless of to whom the payment was made. *See Cox v. Shalala*, 1995 WL 638620, at *3 (M.D.N.C. June 7, 1995).

IV. Conclusion

Accordingly, the Court finds that because the settlement proceeds obtained by Plaintiffs include an award of damages for medical expenses, and because the settlement constitutes a payment of medical expenses by a responsible party, Medicare is entitled to reimbursement of the conditional payment from Plaintiffs out of the settlement proceeds. For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. 14) is hereby **DENIED** and Defendant's Motion for Summary Judgment (Doc. 19) is hereby **GRANTED**. The Court hereby **ORDERS** that the disputed funds totaling $77,403.67, now being held in the Clay County Circuit Court registry, be paid out to Defendant.

**IT IS SO ORDERED**.

DATED: November 26, 2007      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

5